**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

NI HE,

Petitioner,

v.

WARDEN, ADELANTO ICE PROCESSING CENTER et al.,

Respondents.

Case No. 5:26-cv-06474-DFM

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

Petitioner Ni He, an immigration detainee represented by counsel, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Petitioner alleges that U.S. Immigration and Customs Enforcement ("ICE") violated the Fifth Amendment by detaining her at a scheduled biometrics appointment on August 11, 2026, without advance notice or an opportunity to respond. See id. ¶¶ 1-2, 34-43. Respondents contend that the Petition is an abuse of the writ, citing Petitioner's habeas petition filed just over two months ago in He v. Mullin, No. 5:26-cv-05265-DFM (C.D. Cal.). See Dkt. 8 ("Answer") at 2-6. Petitioner replies that missing government records excuse the omission of this claim from her first petition. See Dkt. 10 ("Reply") at 2-5.

But the record shows that the claim presented in Petitioner's second habeas petition arose a month before Petitioner filed her first petition, and its essential facts were within her own knowledge. Records she obtained later were not needed to present it. Because she has shown neither cause nor a fundamental miscarriage of justice, the Court does not reach the merits.

For the reasons set forth below, the Petition is **DISMISSED** as an abuse of the writ.

## II. BACKGROUND

Petitioner, a citizen of China, was admitted as a B-2 visitor on September 22, 2022, applied for asylum on January 6, 2023, and later received employment authorization. See Petition ¶¶ 10, 13-15; Dkt. 1-1 ("He Decl.") ¶¶ 1-7. On August 11, 2026, she attended a rescheduled USCIS biometrics appointment, where immigration officers arrested her. See He Decl. ¶¶ 17-20. She states that she had received no advance notice that she would be detained and that no one showed her an arrest warrant at the time of her arrest. See id. ¶¶ 21-23, 47. ICE served Petitioner a Notice to Appear the same day. See Dkt. 1-2 at 1, 3. Respondents have since produced a Warrant for Arrest of Alien dated August 10, 2026, and a Record of Deportable/Inadmissible Alien ("Form I-213"), which describes a lead from the USCIS Application Support Center and a planned arrest after Petitioner checked in. See Dkt. 8-1 at 9, 11-13.

On September 8, 2026, an Immigration Judge ("IJ") denied Petitioner's custody redetermination request "because flight risk." Id. at 3. On October 20, 2026, the IJ denied a further request because no material change in circumstances had been shown. See id. at 6. The record does not show whether Petitioner appealed either order.

On September 11, 2026, Petitioner filed her first habeas petition, challenging the burden of proof, the consideration of alternatives, and the

explanation at her bond hearing. See He v. Mullin, No. 26-05265, Dkt. 8 (C.D. Cal. Sept. 24, 2026) ("Prior Order") at 1-3. The Court denied the burden-of-proof claim, apart from any defect in how the hearing was conducted, and dismissed the remaining claims without prejudice for failure to exhaust. See id. at 9. The Court noted that the first petition did not allege "that Petitioner was deprived of due process when she was detained" or assert "a claim that due process required notice and a hearing before her arrest," and it expressed no view on such a claim. Id. at 5, 9.

The present Petition asserts that Respondents deprived Petitioner of liberty without advance notice and an opportunity to respond. See Petition ¶¶ 2, 34-43. It disclaims any challenge to the bond burden or the IJ's flight-risk determination, and seeks release, declaratory and prospective relief, records, a compliance report, and a bar on transfer. See id. ¶¶ 2, 25, 42, 44. Petitioner states that she speaks little English, relied on former counsel to select the arguments in the first petition, and did not intentionally withhold any claim. See id. ¶ 26; He Decl. ¶¶ 42-45. She states that neither she nor her former attorneys received the Form I-213. See Dkt. 10-1 ("Supp. Decl.") ¶¶ 2-6.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although 8 U.S.C. § 1226(e) restricts review of discretionary custody decisions, "it does not limit habeas jurisdiction over constitutional claims or questions of law." Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011).

### A. Abuse of the Writ

#### 1. Governing Principles

The common-law abuse-of-the-writ doctrine applies to a § 2241 petition challenging immigration detention. See Barapind v. Reno, 225 F.3d 1100,

1110-12 (9th Cir. 2000). It "forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." Eldridge v. Howard, 70 F.4th 543, 551 (9th Cir. 2023) (citation omitted). The question is "whether the petitioner had a full and fair opportunity to raise the claim in the prior application"; a petitioner lacks that opportunity if the claim was not yet ripe or the violation occurred only after the first petition was denied. See id. at 552 (citation omitted). See also Ortega Nunez v. Warden, Cal. City Det. Ctr., No. 26-4582, 2026 WL 2838426, at *2-3 (E.D. Cal. Sept. 22, 2026) (dismissing immigration habeas petition as abuse of the writ where petitioner's arguments should "have been raised in his earlier petition").

The government must first plead abuse "with clarity and particularity," noting the prior writ history, identifying the new claims, and alleging abuse. See McCleskey v. Zant, 499 U.S. 467, 494 (1991). The petitioner must then show cause for failing to raise the claim earlier and actual prejudice resulting from the errors of which she complains. See id. Cause requires "some objective factor external to the defense," such as official interference or "a showing that the factual or legal basis for a claim was not reasonably available." Id. at 493-94 (citations omitted). Absent cause, the omission may be excused only if "a fundamental miscarriage of justice would result from a failure to entertain the claim." Id. at 494-95.

**2. Respondents Have Pleaded Abuse**

The Answer is not the model of clarity. It cites this case's own number as the prior action and emphasizes claims "considered and adjudicated" before, although this claim was not. See Answer at 2, 4. Nonetheless, the Answer has done enough. It identifies the prior litigation over the same detention, argues that "Petitioner's Challenge to Her Arrest and Detention" is barred, invokes the rule against claims that "could have been raised in a prior habeas petition,"

and contends that Petitioner offers no cause. See Answer at 2-4. That satisfies McCleskey. See 499 U.S. at 494.

**3. Petitioner Had an Opportunity to Raise the Claim**

The Prior Order did not adjudicate the pre-arrest claim. See Prior Order at 5, 9. But the doctrine reaches claims that "could have been raised." Eldridge, 70 F.4th at 551 (citation omitted). Petitioner concedes that the Prior Order's reservation "does not, standing alone, excuse omission of an available claim." Reply at 3. Nor is this a petition filed after an earlier one was dismissed for nonexhaustion without any adjudication. See Slack v. McDaniel, 529 U.S. 473, 485-88 (2000). The Court decided part of the first petition on the merits, and this Petition presents a new claim about earlier events.

Eldridge held that a later petition was "not an abuse of the writ because [petitioner's] precise claim has not been adjudicated on the merits." 70 F.4th at 554. But the decisions challenged there postdated the earlier petitions and "served as necessary factual predicates" that "were unavailable" when those petitions were filed. Id. at 553. The court distinguished a petitioner who "knew all the relevant facts at that time." Id. at 554. Petitioner falls in the latter group. The alleged violation occurred on August 11, a month before her first petition. The claim was ripe, and neither the October 20 order nor her later receipt of the Form I-213 created a new violation.

**4. Petitioner Has Not Shown Cause**

Petitioner offers three explanations: (1) she lacked the Form I-213; (2) she relied on counsel and has limited English; and (3) the law was developing. None establishes cause.

The Form I-213. The Court accepts that neither Petitioner nor her former attorneys received the Form I-213. See Supp. Decl. ¶¶ 2-4. It describes the USCIS lead and the planned arrest, facts that bear on whether advance process was practicable. See Dkt. 8-1 at 12-13. But the question is "whether

petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." McCleskey, 499 U.S. at 498. "Omission of the claim will not be excused merely because evidence discovered later might also have supported or strengthened the claim." Id. In McCleskey, an undisclosed statement did not establish cause because the petitioner already knew the facts it recounted. See id. at 498-500. So too here. Petitioner knew from the day of her arrest that she had attended a government appointment, was arrested there, and had received no advance notice. See He Decl. ¶¶ 19-25, 47. She concedes as much. See Reply at 4. Her Petition states the claim in terms that do not depend on the Form I-213. See Petition ¶¶ 34-43. The record may strengthen the claim but it was not needed to raise it.

Counsel and language. Petitioner's limited English and reliance on prior counsel are understandable, and the Court accepts that she did not deliberately withhold the claim. See He Decl. ¶¶ 42-45. But "[a]ttorney error short of ineffective assistance of counsel" is not cause, and there is no constitutional right to counsel in federal habeas proceedings. See McCleskey, 499 U.S. at 494-95. Petitioner does not allege abandonment or interference with her ability to communicate the facts of her arrest to prior counsel.

Developing law. The legal basis for the claim was "reasonably available" before the first petition. See id. at 494. Petitioner herself relies on an August 14, 2026 case and on this Court's September 14, 2026 decision in Liping Lin v. Janecha. See Petition ¶¶ 30-31.

Decisions excusing similar omissions do not change the result. In Bastidas Mejias v. Archambeault, a pro se petitioner lacked access to the government's record of whether and why his parole had been revoked, and the respondents did not dispute the error. See No. 26-04829, 2026 WL 2866327, at *1-2 (S.D. Cal. Sept. 23, 2026). Here, the missing record only corroborates

facts Petitioner knew, counsel filed both petitions, and Respondents dispute any violation. See Answer at 6-7. In Ozbalik v. LaRose, the court relied on prior's counsel performance, rapidly evolving law, and the equitable concerns raised by re-detention of previously paroled noncitizens. See No. 26-4239, 2026 WL 2455825, at *2-3 (S.D. Cal. Aug. 21, 2026). Petitioner's first petition clearly omitted the claim, a judgment granting a comparable claim preceded it, and she was not re-detained after a prior release. To the extent these decisions treat ordinary counsel error or developing district law as cause, the Court follows McCleskey. See 499 U.S. at 493-95.

**5. No Fundamental Miscarriage of Justice**

Because Petitioner has not shown cause, the Court need not decide prejudice. See id. at 502. No controlling decision defines the boundaries of "fundamental miscarriage of justice" for a civil immigration detainee. The Court assumes without deciding that a comparably extraordinary showing could suffice. Petitioner has not made one. She does not contend that she is legally ineligible for detention, which the parties agreed is governed by 8 U.S.C. § 1226(a). See Prior Order at 2. She was not re-detained after a revoked parole or on a rescinded removal order. She presents an asserted procedural violation and genuine hardship to her family, including her five-year-old daughter. See Petition ¶¶ 22, 36. If that sufficed, nearly every omitted claim would qualify. See Borjas-Castillo v. Mullin, No. 26-5083, 2026 WL 3169669, at *3-4 (S.D. Cal. Oct. 22, 2026) (finding that allegation of unlawful detention did not establish fundamental miscarriage of justice otherwise "this exception would swallow the rule").

**B. Remaining Matters**

Because abuse of the writ is dispositive, the Court does not reach exhaustion or the merits. This Order is not a finding that Petitioner's arrest complied with due process. It does not affect her ability to pursue, after proper

exhaustion, the claims the Prior Order dismissed without prejudice, and the Court makes no finding that exhaustion has occurred. Nor does it address claims arising from events after the first petition was decided.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition (Dkt. 1) is **DISMISSED** as an abuse of the writ. Petitioner's sole claim, that due process required advance notice and an opportunity to respond before her August 11, 2026 arrest, is dismissed without leave to amend.

2. Petitioner's requests for release, declaratory relief, a prohibition on renewed detention, a compliance report, and further production of records are **DENIED**.

3. Petitioner's request to bar her transfer from the Adelanto ICE Processing Center during the pendency of this action is **DENIED** as moot.

4. This action is **DISMISSED** as to all Respondents.

IT IS FURTHER ORDERED that Judgment be entered accordingly.

Date: November 19, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge